IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MORGANACTIVE SONGS, INC. et al., : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| vs. : | 5:04-CV-145 (CAR) |
| : | |
| ALICE PADGETT, : | |
| : | |
| **Defendant.** : | |

*ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES*

Currently before the Court in the above-styled copyright infringement case are Plaintiffs' motions for attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Local Rule 54.1 [Docs. 36 and 37]. Plaintiffs' counsel seek $58,544.00 for the attorneys' fees and $1,718.66 for the costs incurred in their representation of Plaintiffs. Plaintiffs support their motion, and the figures contained therein, with the affidavit of Joyce Klemmer, a partner in the Atlanta law firm of Smith, Gambrell and Russell, LLP, which was retained by Plaintiffs to represent them in this action. Defendants have filed a response in opposition to Plaintiffs' motion for attorneys' fees, asserting that the fees sought by Plaintiffs are unreasonable. After careful consideration, the Court **GRANTS** Plaintiffs' motions for attorneys' fees and costs [Docs. 36 and 37] and awards fees in the amounts specified below.

**BACKGROUND**

By order dated September 22, 2005, this Court consolidated the instant case ("Morganactive") with Badco Music Inc. v. Padgett, 5:05-CV-190-WDO ("Badco"). Plaintiffs in both cases, music publishers and copyright owners of the songs at issue in the respective cases, brought suit for copyright infringement against Defendant Alice Padgett, the owner and

operator of an establishment known as "AP's Hidden Hideaway" ("AP's"), located in Macon, Georgia. Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP"), which is an organization that licenses the right to publicly perform all copyrighted songs in the ASCAP repertory on behalf of its members. Each Plaintiff has granted ASCAP a non-exclusive license to authorize the non-dramatic public performance of their copyrighted musical compositions.

Defendant Padgett regularly provided public performances of musical compositions as part of the entertainment at AP's. At all times relevant to both actions, Defendant Padgett did not have a license from ASCAP or permission from any copyright owner to publicly perform the copyrighted songs.

In defending this action, Defendant Padgett did not contest the validity of the copyrights, nor did she dispute that the songs were publicly performed. In fact, Padgett did not contest the allegations in the Badco case at all. In the Morganactive case, however, she contended that the musical compositions were publicly performed during a charity drive at AP's, and therefore she was immune from liability under the charitable exemption of 17 U.S.C. § 110(4)(B). Plaintiffs moved for summary judgment, which the Court denied, finding a genuine issue of material fact as to whether a charity drive actually took place on the dates in question. After denial of summary judgment, this case was scheduled for a non-jury bench trial. However, at the pre-trial conference, the parties agreed that a trial was unnecessary and that the Court would decide the merits of the case on the record before the Court. By Order dated August 3, 2006, this Court rendered final judgment in favor of Plaintiffs, awarding $14,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c).

Plaintiffs' counsel now move for an award of attorneys' fees and costs incurred in their representation of Plaintiffs in both the Badco and Morganactive cases.

**DISCUSSION**

In a civil copyright infringement action, 17 U.S.C. § 505 empowers the Court to award reasonable attorneys' fees and costs to the prevailing party. See Montgomery v. Noga, 168 F.3d 1282, 1303 -1304 (11th Cir. 1999). Such fees "are to be awarded . . . only as a matter of the court's discretion." Id. (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)).

The Court finds an award of attorneys' fees and costs is appropriate in this case and now turns to determining a reasonable amount.

**I.   Attorneys' Fees**

In determining a reasonable amount of attorneys' fees, the Court must calculate the "lodestar," which is determined by multiplying a reasonable hourly rate by the hours reasonably expended and then accounting for other considerations that may require an enhancement or reduction of the fee. See Norman v. Hous. Auth., 836 F.2d 1292, 1302 (11th Cir. 1988). Factors courts should consider in calculating an award include: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the expertise, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), *abrogated in part on other grounds*, Blanchard v. Bergeron, 489 U.S. 87 (1989); see also Cable/Home Comm.

Corp. v. Network Prod., Inc., 902 F.2d 829, 853 (11th Cir. 1990).

The party seeking attorneys' fees, Plaintiffs in this case, bears the burden of establishing a reasonable hourly rate and the number of hours reasonably expended. See id. at 1303. Ultimately, the trial court has the discretion to determine reasonable attorneys' fees: "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." See Norman, 836 F.2d at 1303 (citations omitted).

Here, Plaintiffs seek $58,544.00 in attorneys' fees for 235.38 total hours spent in legal work pertaining to both the Badco and Morganactive cases. The 235.38 hours encompass the work of six legal professionals: four attorneys: Joyce B. Klemmer, working 132.14 hours at $300 per hour; Deborah A. Heineman, working 30.12 hours at $200 per hour; Coby S. Nixon, working 1.90 hours at $210 per hour; and Brendan E. Squire, working 16.80 hours at $250 per hour; and two paralegals: Mary Martha Adkins, working 32.72 hours at $160 per hour; and Rosemary K. Underwood, working 9.90 hours at $150 per hour.

### A. Reasonable Hourly Rates

A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In general, the relevant legal community is the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). This case was filed in Macon, Georgia, in the Middle District of Georgia, and the events giving rise to this litigation occurred in and around Macon. Although Plaintiffs' attorneys practice in metropolitan

4

Atlanta, Georgia, defense counsel practices in Macon.  Therefore, the Court finds that Macon is the appropriate legal community for the purpose of determining reasonable hourly rates.

The party requesting attorneys' fees has the burden of "establishing entitlement and documenting the appropriate . . . hourly rate."  <u>Norman</u>, 836 F.2d at 1304.  In determining the similarity of attorneys, the analysis is affected by factors such as skill, reputation, and experience.  <u>See</u> <u>id.</u>  Plaintiffs have proposed rates of $300.00 per hour for Joyce Klemmer's time, $200.00 per hour for Deborah Heineman's time, $210.00 per hour for Coby Nixon's time, $250.00 per hour for Brendan Squire's time, $145.00 to $150.00 per hour for paralegal Mary Martha Adkins' time, and $160.00 per hour for paralegal Rosemary Underwood's time.

Plaintiffs' lead counsel, Joyce Klemmer, is a litigator with 25 years of experience, specializing in intellectual property matters.  She has been ASCAP's attorney for the past 16 years.  Although Klemmer certainly has the requisite experience and skill to effectively prosecute the infringement claims involved in this action, the Court finds that a rate of $300.00 per hour is not comparable to similarly situated attorneys in Macon and, thus, reduces her rate to $275.00 per hour.

Little information has been provided to the Court regarding the three associates' experience–Deborah Heineman, Coby Nixon, and Brendon Squire.  Klemmer states that the three associates had three to six years of experience, and both Nixon and Squire are members of the Patent Bar.  Plaintiffs were charged $200.00 per hour for Heineman's time, $210.00 per hour for Coby Nixon's time, and $250.00 per hour for Brendan Squire's time.  Klemmer also states that Heineman had assisted her with these types of copyright infringement cases for two years, and both Nixon and Squire assisted her with these types of cases for one year.  Based on this

evidence and the Court's own research, personal expertise, and experience, the Court finds Heineman's rate of compensation for this case should be $150.00 per hour, Nixon's rate should be $160.00 per hour, and Squire's rate should be $200.00 per hour.

Finally, the Court turns to determining a reasonable rate for Mary Martha Adkins and Rosemary K. Underwood, the paralegals. In light of the Court's research and own expertise in determining reasonable rates for services performed by paralegals in Macon, the Court finds that $75.00 per hour is a reasonable rate for paralegals involved in a case such as the one at bar.

B.  Reasonable Hours Expended

In determining reasonable attorneys' fees, district courts "are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." American Civil Liberties Union v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). Thus "excessive, redundant or otherwise unnecessary hours [should be] excluded from the amount claimed." Norman, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). This means a party seeking to recover attorneys' fees may not be compensated for hours that would not be billed to a client of means, regardless of the attorney's skill, reputation, or experience. See id.

Counsel charged a total of 235.38 hours of work for both cases–29.3 hours on the Badco case and 206.08 hours on the Morganactive case. The Court finds that 29.3 hours worked on the Badco case is unreasonable. The Badco case was filed over a year after the Morganactive case. The Court can find no sufficient reason why Plaintiffs' counsel spent almost 30 hours filing, essentially, the exact Complaint that counsel filed in the Morganactive case, engaging in very limited discovery, filing an entry of default and a consolidation motion, and preparing for pre-

trial matters, on an *uncontested* case. The Court finds that 29.3 hours on the Badco case is obviously excessive and should be reduced by 50%. Therefore, the hours are reduced as follows: (1) attorney Joyce Klemmer – 24.6 hours reduced by 50% = 12.3 hours, and (2) paralegal Rosemary Underwood – 4.7 hours reduced by 50% = 2.35 hours  The Court finds a total of 14.65 hours spent on this uncontested, consolidated copyright infringement case is reasonable.

The Court also finds that the charged total of 206.08 hours spent on the Morganactive case is excessive and unreasonable. Employing *six* legal professionals–four attorneys and two paralegals–on what was, in this Court's view, a rather simple copyright infringement case, lead to an unreasonable accumulation of billed hours per task. The following aspects of the billing statements exemplify the excessive number of hours stemming from the firm's overstaffing: the lead attorney and a paralegal spent 15.3 hours drafting a boilerplate complaint, preparing the scheduling order, and engaging in other preliminary matters; two attorneys and two paralegals spent 36.3 hours engaging in discovery matters, which included Defendant Padgett's deposition and reviewing ASCAP's investigative file; two attorneys and one paralegal spent 64.58 hours researching and writing a relatively simple motion for summary judgment; the lead attorney spent 11.6 hours in settlement discussions; and three attorneys and one paralegal spent 78.3 hours engaged in pre-trial matters, including preparing the pretrial order, motions in limine, and briefs in support thereof.

The Court is shocked that an attorney with 25 years of experience, 16 of which have been spent litigating similar cases for ASCAP, required the assistance of *five* additional legal professionals working over 200 hours on a common copyright infringement case. The Court

recognizes that the "charitable exemption" defense asserted by Defendant was an uncommon issue requiring additional hours of research. However, the issue was not complex enough to require 206.08 hours of work by *four* attorneys and *two* paralegals. Furthermore, this case did not proceed to a bench trial and, instead, was decided on the record. Finally, the Court notes that the amount of Plaintiffs' request for attorneys' fees–$58,544.00–is wholly disproportionate to the final $14,000.00 judgment Plaintiffs received as the result of counsel's efforts. Therefore, this Court finds that the hours in the Morganactive case, like in the Badco case, should be reduced by 50%.

For the foregoing reasons, counsel's hours are reduced as follows: (1) Joyce Klemmer–107.52 hours reduced by 50% = 53.76 hours; (2) Deborah Heineman–30.12 hours reduced by 50% = 15.06; (3) Coby Nixon–1.9 hours reduced by 50% = .95; (4) Brandon Squire–16.8 hours reduced by 50% = 8.4; (5) Mary Martha Adkins–32.72 hours reduced by 50% = 16.36; and (6) Rosemary Underwood–17 hours reduced by 50% = 8.5. The Court finds a total of 103.03 hours spent on the Morganactive case is reasonable.

      C.      <u>Adjustments to the Lodestar</u>

The lodestar figure, which is determined by multiplying the reasonable rate by the reasonable hours expended, may be enhanced or reduced to account for the result obtained, the existence of a contingent fee arrangement, and the possibility of a delay in the receipt of payment by counsel for the prevailing party. In light of the Court's reductions in counsel's hourly rate and hours expended, the Court does not find it necessary to analyze a possible enhancement or reduction to the lodestar.

**II.     Expenses**

"In any civil action under [17 U.S.C. § 505], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." Here, Plaintiffs' attorneys request litigation expenses in the amount of $1,718.66. This amount reflects $466.50 in service of process fees, $400.00 in filing fees, and $852.16 in court reporter charges for the deposition transcript of Defendant Alice Padgett. Based on the receipts attached to Klemmer's affidavit, the Court finds that these expenses are legitimate and reasonable and awards them to Plaintiffs in full.

**CONCLUSION**

For the foregoing reasons, the Court **HEREBY ORDERS** Defendant to pay Plaintiffs (1) an award of $24,298.25 in attorneys' fees ($3,558.75 for the Badco case and $20,739.50 for the Morganactive case) as calculated in the Appendix to this Order and (2) $1,718.66 in litigation costs as itemized in Plaintiffs' Bill of Costs [Doc. 37]. See Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000) (stating that court granting award of attorneys' fees should provide a summary table of how it arrived at calculation awarded).

**SO ORDERED**, this 26th day of March, 2007.

                                                     S/ C. Ashley Royal
                                                     C. ASHLEY ROYAL, JUDGE
                                                     UNITED STATES DISTRICT COURT

SSH/ehe

# APPENDIX

## Calculation of Attorney Fees and Expenses

### Badco Case

*Klemmer*

| | |
|---|---:|
| *Total Hours Claimed* | 24.6 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 12.3 |
| *Reasonable Rate* | $275.00 |
| *Total Attorney Fees (Total Reasonable Hours multiplied by Reasonable Rate)* | $3,382.50 |

*Underwood, Paralegal*

| | |
|---|---:|
| *Total Hours Claimed* | 4.7 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 2.35 |
| *Reasonable Rate* | $75.00/hr |
| *Total Attorney Fees (Total Reasonable Hours multiplied by Reasonable Rate)* | $176.25 |

**Total Attorneys' Fees awarded for the Badco Case** — **$3,558.75**

### Morganactive Case

*Klemmer*

| | |
|---|---:|
| *Total Hours Claimed* | 107.52 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 53.76 |
| *Reasonable Rate* | $275.00/hr. |
| *Total Attorney Fees(Total Reasonable Hours multiplied by Reasonable Rate)* | $14,784.00 |

*Heineman*

| | |
|---|---:|
| *Total Hours Claimed* | 30.12 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 15.06 |
| *Reasonable Rate* | <u>$150.00/hr.</u> |
| *Total Attorney Fees (Total Reasonable Hours multiplied by Reasonable Rate)* | $2,259.00 |

<u>Nixon</u>

| | |
|---|---:|
| *Total Hours Claimed* | 1.9 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 0.95 |
| *Reasonable Rate* | <u>$160.00/hr.</u> |
| *Total Attorney Fees* | $152.00 |

<u>Squire</u>

| | |
|---|---:|
| *Total Hours Claimed* | 16.80 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 8.40 |
| *Reasonable Rate* | <u>$200.00/hr.</u> |
| *Total Attorney Fees* | $1,680.00 |

<u>Adkins, Paralegal</u>

| | |
|---|---:|
| *Total Hours Claimed* | 32.72 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 16.36 |
| *Reasonable Rate* | <u>$75.00/hr.</u> |
| *Total Attorney Fees (Total Reasonable Hours multiplied by Reasonable Rate)* | $1,227.00 |

<u>Underwood, Paralegal</u>

| | |
|---|---:|
| *Total Hours Claimed* | 17.0 |
| *Deductions* | 50% |
| *Total Reasonable Hours (Total Hours Claimed less Total Deductions)* | 8.5 |
| *Reasonable Rate* | <u>$75.00/hr.</u> |
| *Total Attorney Fees* | $637.50 |
| **Total Attorneys' Fees Awarded for the Morganactive Case** | **$20,739.50** |

**Total Attorneys' Fees:**

| | |
|---|---:|
| Badco: | $3,558.75 |
| Morganactive: | $20,739.50 |
| **Total Attorneys' Fees Awarded** | **$24,298.25** |